UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRYAN NELL, et al.,

                                             Plaintiffs,

            -against-

CITY OF NEW YORK,

                                             Defendant.
------------------------------------------------------------------x

**DECLARATION OF CHRISTOPHER ERATH IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT & IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

19 Civ. 6702 (LGS)

        **CHRISTOPHER ERATH** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

        1.    I am a Director at BLDS, LLC, in Natick, Massachusetts. BLDS is a consulting firm specializing in the analysis of labor market outcomes. I received a Ph.D. in economics from the University of Wisconsin where my fields of interest included labor economics, econometrics, and industrial organization.

        2.    I submit this declaration in support of Defendant's Motion for Summary Judgment and in opposition to Plaintiffs' Motion for Summary Judgment.

        3.    I was retained by counsel for Defendant to analyze the report of Plaintiffs' expert, Dr. Louis Lanier, dated February 4, 2020, and its supporting documents, purporting to estimate damages owed to all Plaintiffs in this matter.

        4.    I drafted a rebuttal expert report, dated March 13, 2020, in response to the February 4, 2020, report submitted by Dr. Lanier.

        5.    To accomplish these tasks, I reviewed electronic data maintained in the City of New York's Financial Information Services Agency's ("FISA") system in the normal

course of business (the "FISA Data"). These data reside in several different files including the (i) Employee Attribute file, which shows, among other things, an employee's dates of employment in a given civil service title; (ii) Pay Detail file, which shows various payments made to employees (including for overtime), the date the payment was earned, the actual number of minutes associated with the payment, and the date on which the payment was made; and (iii) Leave Accrual File, which shows when payment is made in compensatory time.

6. I also reviewed the Plaintiffs' complete CityTime records, which contain Plaintiffs' self-reported arrival and departure times and overtime requests submitted (the "CityTime Data").

7. In addition, I have reviewed Dr. Lanier's supplemental expert report, dated June 17, 2020, and his declaration, dated June 22, 2010.

8. For the Plaintiffs in this action, I reviewed each Plaintiff's FISA records and CityTime data for the time period beginning three years before that particular Plaintiff filed a consent-to-sue form in this action,[1] through May 9, 2020, or otherwise until the date in which a particular Plaintiff was no longer employed as a Motor Vehicle Operator with the City's Department of Correction ("DOC") (for each Plaintiff, the "Applicable Plaintiff Period").

9. I was also retained by counsel for Defendant to (i) calculate the total number of overtime payments and total amount of overtime paid to Plaintiffs during the Applicable Plaintiff Periods; (ii) determine whether the overtime was paid in cash or compensatory time; (iii) assess how frequently the overtime requests submitted by Plaintiffs

---

[1] It is my understanding that Plaintiffs filed or joined this action on the following dates: July 18, 2019, for Plaintiffs Bryan Nell and Abdul Ponton; July 29, 2019, for Plaintiffs Yasmin Akhter, Ronald Alston, Kevin Blackman, Andrew Blake, Felix Cintron, Joseph Cooper, Antonio Crucito, Robert Echevarria, Faneau Jean, Yonah Jungreis, Yevgeny Kotlyar, Ernest Littles, Bruce Mitchell, Elizabeth Monahan, Gerard Morency, Anthony Natoli, Ronald O'Neill, Elvin Pena, Dillon Reyes, Jorge Rivas, Sylvia Rodriguez, Antonio Rosario, Jose Sanchez, Jose Santiago, Donovan Stewart, Jamar Toppin, Lawrence Trotman, Sheinelle Watson, and Dimitri Wright; September 5, 2019, for Rohan Kerr; October 3, 2019, for Alessio Calabro; February 4, 2020, for Jose Frias; and March 23, 2020, for Johnny Almonte and Arsenio Michael Padilla.

were approved and/or disapproved in three years before they became Plaintiffs in this case; (iv) assess when payments of overtime were made in relation to when they were earned; and (v) assess whether any of the Plaintiffs earned the night shift and/or vehicle differentials.

10. In order to accomplish these tasks, I reviewed the Plaintiffs' available FISA and CityTime data for the Applicable Plaintiff Periods.

11. From my review of the Plaintiffs' FISA and CityTime data, I was able to determine that:

> A. The combined amount of overtime hours submitted to Defendant by Plaintiffs during the Applicable Plaintiff Periods totals 41,130 hours.
>
> B. The combined amount of cash overtime paid to Plaintiffs by Defendant during the Applicable Plaintiff Periods totals $1,285,839.
>
> C. The combined amount of overtime paid in compensatory time to Plaintiffs by Defendant during the Applicable Plaintiff Periods totals 2,230 hours.
>
> D. The total amounts set forth in 10(b) and 10(c) above were the result of 7,673 separate instances of overtime compensation.
>
> E. Of the 7,673 separate instances of overtime compensation for Plaintiffs, 144 were for periods of work amounting to 30 minutes or less.
>
> F. Of the 7,673 separate instances of overtime compensation for Plaintiffs, 46 were for periods of work amounting to 15 minutes or less.

G. There were 7,680 requests for overtime compensation submitted by Plaintiffs in CityTime during the Applicable Plaintiff Periods. Of those requests, there were 7,492 approved requests and 82 disapproved requests. An additional 106 requests show both disapproval and approval on the same day. Moreover, a review of the disapproval comments in some cases shows a problem with the initial request submitted by the Plaintiff—for instance, that it was "withdrawn by employee." Over 97% of CityTime requests for overtime compensation by Plaintiffs were approved whether these 106 requests are dropped or counted as approved.

H. During the Applicable Plaintiff Periods, 99% of premium cash overtime payments (that is, overtime paid at a rate of 1.5) paid to Plaintiffs was paid within 35 days after the date on which the overtime was earned.

I. For the Applicable Plaintiff Periods, through April 25, 2020, Dr. Lanier attributes damages to only three Plaintiffs for the Plaintiffs' alleged claim that the City paid overtime at a "straight time" rate, rather than at the rate of one-and-one-half times Plaintiffs' regular rate of pay—Plaintiffs Jean ($7.12), Nell ($398.54), and Toppin ($12.21).

J. During the Applicable Plaintiff Periods, the total amount of night-shift differential payments received by Plaintiffs is $191,491. This figure represents 28,531 separate instances of Plaintiffs receiving the night-shift differential.

K. During the Applicable Plaintiff Periods, the total amount of vehicle differential payments received by Plaintiffs is $295,619. This figure represents 23,007 separate instances of Plaintiffs receiving a vehicle differential.

L. Dr. Lanier attributes no damages to the City's alleged failure to account for vehicle differentials in calculating overtime pay.

M. During the Applicable Plaintiff Periods, 23 Plaintiffs submitted at least one request and were paid for pre-shift overtime—Plaintiffs Plaintiffs Kerr, Cintron, O'Neill, Trotman, Rivas, Mitchell, Alston, Calabro, Pena, Morency, Cooper, Blackman, Jean, Nell, Kotlyar, Crucito, Frias, Reyes, Sanchez, Natoli, Akhter, Almonte, and Rosario.

N. During the Applicable Plaintiff Periods, one Plaintiff submitted and was paid for meal-period overtime—Plaintiff Kerr.

O. During the Applicable Plaintiff Periods, 29 Plaintiffs submitted at least one request for and were paid for post-shift overtime—Plaintiffs Kerr, Monahan, Cintron, O'Neil, Littles, Trotman, Jungreis, Rodriguez, Alston, Calabro, Wright, Morency, Blake, Cooper, Echevarria, Santiago, Blackman, Jean, Nell, Crucito, Reyes, Sanchez, Ponton, Toppin, Akhter, Almonte, Padilla, Watson, and Rosario.

P. During the Applicable Plaintiff Periods, the total number of Plaintiffs' pre-shift overtime requests is 1,860.

Q. During the Applicable Plaintiff Periods, the total number of Plaintiffs' post-shift overtime requests is 5,582.

R. Dr. Lanier attributes no damages to the following Plaintiffs for the City's alleged failure to timely pay overtime: Plaintiffs Akhter, Blake, Calabro, Crucito, Echevarria, Jean, Mitchell, Monahan, Morency, Natoli, Nell, Ponton, Rodriguez, Rosario, Sanchez, Santiago, Stewart, Toppin, Trotman, and Wright.

Dated: October 13, 2020
      Framingham, Massachusetts

By: _____
     Christopher Erath