

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**SHAWNA C. MACLEOD**
*Assistant Corporation Counsel*
Labor & Employment Law Division
Office: (212) 356-3187
smacleod@law.nyc.gov

October 13, 2020

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Application DENIED without prejudice to renewal by* **October 16, 2020.** *A motion to seal must provide particularized justifications specific to the information sought to be sealed. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). So Ordered.*

*Dated: October 14, 2020*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  Nell, et al. v. City of New York
     19 Civ. 6702 (LGS)

Dear Judge Schofield:

I am the Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York, assigned to represent the City of New York (the "City") in the above-referenced collective action. In compliance with Your Honor's Individual Practices, Rule I.D, Redactions and Filings Under Seal, I write to explain the need to seal the document Bates marked CityTime 000860, filed as Ex. L to the Declaration of Shawna C. MacLeod, dated October 13, 2020, in support of Defendant's Motion for Summary Judgment.

On January 9, 2020, the Court so-ordered a Stipulation in connection with Defendant's assertion of the good faith defense ("Limited Waiver Stipulation"). *See* ECF No. 34. As a result of Defendant's assertion of the good faith defense, Defendant agreed in the Limited Waiver Stipulation to disclose documents and communications between the New York City Law Department and non-lawyer employees of the City and/or the New York City Department of Correction ("DOC"): "pertaining to the legal requirements of the FLSA as applied to DOC pay policies, practices, and procedures;" and "concerning the formulation and drafting of the CityTime certification and/or timekeeping system as it relates to any claims or defenses asserted in this lawsuit." *Id.* ¶¶ 1(a), (b). The Limited Waiver Stipulation also states that "[t]he production of documents and communications as set forth [in the Limited Waiver Stipulation] shall constitute a limited waiver of the attorney client privilege with respect to only the assertion of the good faith defense in this matter." *Id.* ¶ 2. The Limited Waiver Stipulation further allows a party to "make an application to the Court regarding documents and/or communications produced pursuant to this Order." *Id.* ¶ 5.

By requesting to file the document Bates marked CityTime 000860 under seal, Defendant is attempting to maintain the privileged status of the document, which constitutes meeting minutes including advice from counsel.  Pursuant to the Limited Waiver stipulation, the parties have agreed that this document should be treated as privileged.

Accordingly, the City respectfully requests that the Court issue an order directing that Ex. L attached to the declaration of Shawna C. MacLeod dated October 13, 2020, be filed under seal.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,


/s/ *Shawna C. MacLeod*
Shawna C. MacLeod
Assistant Corporation Counsel


Att:   Appendix

cc:     All Counsel of Record (by ECF)

2

**Appx. A:**

All parties and counsel of record should have access to the sealed document.