

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**SHAWNA C. MACLEOD**
*Assistant Corporation Counsel*
Labor & Employment Law Division
Office: (212) 356-3187
smacleod@law.nyc.gov

October 16, 2020

<u>**VIA ECF**</u>
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  <u>Nell, et al. v. City of New York</u>
           19 Civ. 6702 (LGS)

Dear Judge Schofield:

        I am the Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York, assigned to represent the City of New York (the "City") in the above-referenced action. I write, in accordance with the Court's Order dated October 14, 2020, and Rule I.D of the Court's Individual Rules and Procedures, to respectfully renew, in part, Defendant's request that Exhibit L to its Motion for Summary Judgment be filed under seal.[1] *See* ECF No. 100 (order denying Defendant's motion to seal, ECF No. 96, without prejudice to renewal by October 16, 2020). In its October 14 Order, the Court explained that "[a] motion to seal must provide particularized justifications specific to the information sought to be sealed," and that "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." ECF No. 100 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

        Defendant now respectfully renews its application, in part. As explained below, Defendant withdraws its request to have pages Bates stamped CityTime 000875 through CityTime 008877 filed under seal. Upon resolution of this application, Defendant will promptly file these documents, as well as any others ordered by the Court, on the public docket.

        With respect to pages Bates-stamped CityTime 000859 and CityTime 000860, Defendant respectfully renews its request that these pages be filed under seal.

---

[1] The relevant Bates-stamped numbers of Exhibit L are CityTime 000859-60, and CityTime 000875-77.

While the public generally has a right to access judicial records, "[a] party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as . . . [the] preservation of attorney-client privilege." *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017); *see also Lugosch*, 435 F.3d at 125; *Skyline Steel LLC v. PilePro LLC*, No. 13-cv-8171 (JMF), 2015 U.S. Dist. LEXIS 77181, at *23 (S.D.N.Y. June 15, 2015) (S.D.N.Y. June 15, 2015) (explaining that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents).

The attorney-client privilege protects communications "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice v. U.S. Dep't of Justice*, 697 F.3d 184, 207 (2d Cir. 2012) (internal citation omitted).   The purpose of this privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. at 383, 389 (1981).   "In the governmental context, the client may be the agency and the attorney may be an agency lawyer." *Families for Freedom v. U.S. Customs & Border Prot.*, 797 F. Supp. 2d 375, 387 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Office of the Corporation Counsel, i.e., the Law Department, provides legal advice and counsel regarding Fair Labor Standards Act ("FLSA") compliance to individuals within City agencies, including the Department of Correction ("DOC"), the Office of Labor Relations ("OLR"), and Office of Payroll Administration ("OPA"). *See* Defendant's Local Rule 56.1 Statement of Undisputed Material Facts ("Def.'s 56.1"), ECF No. 94, ¶ 97.  When CityTime was created, and continuing after its implementation, Law Department attorneys met weekly with groups of managers who were working with the CityTime programmers to discuss both the requirements of the FLSA and the City's collective bargaining agreements. Def.'s 56.1 ¶ 99. During the weekly meetings, attorneys from the Law Department provided instructions to those responsible for programming CityTime regarding how to calculate the rate at which overtime is paid when employees receive differentials in addition to their salaries.  Def.'s 56.1 ¶ 100.

Here, the first two pages of Exhibit L, CityTime 000859 and CityTime 000860, are meeting minutes that document one such meeting between three Law Department attorneys, including First Assistant Corporation Counsel Georgia Pestana, and representatives from OLR and OPA/the Financial Information Services Agency. These meeting minutes contain the express legal advice communicated by these lawyers to their clients, that is, the OPA and the Financial Information Services Agency—those responsible for programming CityTime, the City's electronic timekeeping and payroll system.  The legal advice included, for instance, the lawyers' analysis of the City's obligations under the FLSA, as it concerns the calculation of the rate at which overtime is paid when City employees receive salary differentials.

The content of these meeting minutes is therefore protected by the attorney-client privilege. Candid communications between the Law Department and its agency clients have facilitated the City's compliance with the FLSA. Disclosure of privileged material "in this context [would] create[] the risk that agency clients may feel constrained from reaching out to legal counsel for required legal advice due to fear of public disclosure[,] . . . render[ing] it more

difficult for agency attorneys to provide sound legal support and advice, which would inhibit the proper functioning of governmental departments." *Public Citizen, Inc. v. Dep't of Educ.*, 388 F. Supp. 3d 29, 43 (D.D.C. 2019).   The meeting minutes were designated privileged and confidential, and produced to Plaintiffs in this action pursuant to the parties' Limited Waiver Stipulation. *See* ECF No. 34 (Jan. 9, 2020).

Pages Bates stamped CityTime 000875 through CityTime 008877 are the subsequent meeting minutes at which no lawyers are present but reflect the operational outcome of the legal advice regarding the FLSA conveyed to the attendees by City lawyers.   As noted above, Defendant now withdraws any request to seal pages Bates stamped CityTime 000875 through CityTime 008877.[2] Accordingly, the City respectfully requests that the Court issue an order directing that pages Bates stamped CityTime 000859 and CityTime 000860, contained within Ex. L, attached to the Declaration of Shawna C. MacLeod, dated October 13, 2020, be filed under seal.[3]

Defendant thanks the Court for its consideration of this request.

Application GRANTED in part.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  The proposed redactions are narrowly tailored to protect the substantial interest of attorney-client privilege in this case; and Defendant may file the redactions as proposed. The parties are advised that the Court retains discretion whether or not to afford confidential treatment to the sealed content in any order or proceeding.  So Ordered.

Dated: October 19, 2020
        New York, New York

Att:  Appendix

cc:    All Counsel of Record (by ECF)

Respectfully submitted,

/s/ *Shawna C. MacLeod*
Shawna C. MacLeod
Assistant Corporation Counsel

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] Defendant notes that Plaintiffs never challenged Defendant's designation of these documents as privileged and produced pursuant to the limited waiver.

[3] In the alternative, should the Court deny Defendant's motion to seal the first two pages of Exhibit L, the City requests that it be permitted to redact pages Bates stamped CityTime 000859 and CityTime 000860 of Exhibit L prior to the document's being unsealed, in accordance with the redactions proposed in a document the undersigned will file under seal today, October 16, 2020.

**Appx. A:**

All parties and counsel of record, in addition to the Court, should have access to the subject document, Exhibit L.